UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

                                          DECISION AND ORDER
v.                                        04-CR-275A

KEVIN WALSH,

                Defendant.

---

## **INTRODUCTION**

On September 27, 2004, defendant Kevin Walsh was arrested at the Peace Bridge in Buffalo, New York, when the commercial tractor trailer he was driving was discovered by customs officials to contain approximately 487 pounds of marijuana. He was charged in a criminal complaint with possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1), and importation of marijuana into the United States, in violation of 21 U.S.C. § 952(a)(2).

On October 19, 2004, the defendant was charged by indictment with one count of importation of 100 kilograms or more of marijuana into the United States, in violation of 21 U.S.C. §§ 952(a)(2), 960(a)(1) and 960(b)(2)(G), and one count of smuggling marijuana into the United States, in violation of 18 U.S.C. § 545.

On September 20, 2005, the defendant pled guilty before this Court to a one-count Superseding Information charging him with concealing a material

fact, in violation of 18 U.S.C. § 1001(a)(1).  As part of the plea agreement, the parties agreed that at sentencing, the government would move to dismiss the Indictment pending against the defendant.

On January 9, 2006, the parties appeared for sentencing.  At that time, the Court raised numerous issues, including whether the Court should reject the plea agreement, pursuant to Rule 11(c)(3)(A) of the Federal Rules of Criminal Procedure and U.S.S.G. § 6B1.2(a), because the charge to which the defendant plead guilty does not adequately reflect the seriousness of the actual offense behavior and because accepting the plea agreement would undermine the statutory purposes of sentencing and the sentencing guidelines.  The parties subsequently briefed and argued the issue.

For the reasons stated below, the Court rejects the plea agreement in this case.

**DISCUSSION**

Although the Court may not participate in plea negotiations, it is certainly appropriate for a judge to scrutinize a deal struck by the prosecutor and defense counsel.  See United States v. Torres-Echavarria, 129 F.3d 692, 695 (2d Cir. 1997).  "A trial judge is not required to accept every constitutionally valid [i.e., knowing, voluntary and intelligent] guilty plea merely because a defendant wishes so to plead, and may reject a plea in the exercise of sound judicial discretion."

2

United States v. Severino, 800 F.2d 42, 45 (2d Cir. 1986), cert. denied, 479 U.S. 1056 (1987) (internal citations and quotation marks omitted) (brackets in original); see also Santobello v. New York, 404 U.S. 257, 262 (1971) (holding that a defendant has no absolute right to acceptance of his guilty plea).

Rule 11(c)(3) provides that if a plea agreement calls for the government to move for dismissal of other charges, "the court may accept the agreement, reject it, or defer a decision until the court has reviewed the presentence report." The Rule does not furnish criteria for rejecting a plea. "Such a decision is left to the discretion of the individual trial judge." Severino, 800 F.2d at 45 (citation omitted). Among the reasons that may justify the exercise of discretion to reject a plea agreement is a concern that the resulting sentence would be too lenient. Id. (citation omitted).

Under the rubric of the Sentencing Guidelines, the Court has the responsibility to use its sound discretion to examine plea agreements. "The sentencing judge must ensure that the main objectives of the sentencing guidelines, consistency and certainty in sentencing, are not undermined by plea bargaining between the parties." United States v. Greener, 979 F.2d 517, 520 (7th Cir. 1992). As § 6B1.2(a) of the Sentencing Guidelines provides:

> In the case of a plea agreement that includes the dismissal of any charges or any agreement not to pursue potential charges (Rule 11(c)(1)(A)), the court may accept the agreement if the court determines, for reasons stated on the record, that the remaining charges adequately reflect the seriousness of the actual offense

3

> behavior and that accepting the agreement will not undermine the statutory purposes of sentencing or the sentencing guidelines.

Additionally, the official commentary to § 6B1.2 provides:

> This requirement does not authorize judges to intrude upon the charging discretion of the prosecutor.  If the government's motion to dismiss charges or statement that potential charges will not be pursued is not contingent on the disposition of the remaining charges, the judge should defer to the government's position except under extraordinary circumstances.  Rule 48(a), Fed.R.Crim.P. *However, when the dismissal of charges or agreement not to pursue potential charges is contingent on acceptance of a plea agreement, the court's authority to adjudicate guilt and impose sentence is implicated, and the court is to determine whether or not dismissal of charges will undermine the sentencing guidelines.*

U.S.S.G. § 6B1.2 (commentary) (emphasis in original).

The statutory purposes of sentencing are provided in 18 U.S.C. § 3553(a)(2), which requires the sentencing court to impose a sentence sufficient, but not greater than necessary:

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. . ..

18 U.S.C. § 3553(a)(2).

Applying the above principles to the instant case, the Court finds that the defendant's plea must be rejected because: (1) the charge to which the defendant pled guilty does not adequately reflect the seriousness of the actual

4

offense behavior; and (2) accepting the plea agreement would undermine the statutory purposes of sentencing and the sentencing guidelines.

The charge to which the defendant pled guilty is far less serious and carries a much lighter sentence than the charges to be dismissed under the plea agreement. The charges to be dismissed, involving the importation of marijuana into the United States, would carry a 40-year statutory maximum sentence, a statutory mandatory minimum sentence of 5 years and a guideline range of 63 to 78 months.[1] In contrast, the charge to which the defendant pled guilty, concealing a material fact, has no mandatory minimum sentence, carries a statutory maximum sentence of only 5 years (eight times less than the charges to be dismissed), and a guideline range of only 0 to 6 months (more than ten times less than the charges to be dismissed). Allowing defendant to plead guilty to such a drastically reduced charge would not adequately reflect the seriousness of the offense, promote respect for the law, provide just punishment or deter criminal conduct. It would also undermine Congress' intent that a 5-year mandatory minimum sentence be imposed (absent application of the safety valve provision), as well as the main objectives of the Sentencing Guidelines, consistency and certainty in sentencing.

The government and the defendant contend that the Court should

---

[1] These calculations assume that the defendant would choose to go to trial rather than plead guilty, and that the safety valve provision, U.S.S.G. § 5C1.2 would not apply.

accept the plea agreement because "evidence of defendant's knowledge [is] circumstantial, and there is a very real risk that a jury could reject it and acquit defendant."  The Court finds this contention suspect in light of the directive in the United States Attorneys' Manual that a prosecution not be commenced in the first place unless "the admissible evidence will probably be sufficient to obtain and sustain a conviction . . .."  USAM 9-27.220(A); see also USAM 9-27.220(E) ("[N]o prosecution should be initiated against any person unless the government believes that the person probably will be found guilty by an unbiased trier of fact.").  Viewing the evidence in the light most favorable to the government, there is sufficient evidence in this case from which a jury could find the defendant guilty of importing marijuana into the United States beyond a reasonable doubt.  The defendant was driving the truck which contained the marijuana.  He claimed that he was never in the trailer where the marijuana was found because the truck was sealed when he picked it up, yet boot prints matching the defendant's boots were found on top of two boxes containing the marijuana, indicating that he lied about being in the trailer.  Although the jury might not ultimately accept this evidence, it is not so weak or inadequate as to justify such a lenient plea agreement.

    The government and the defendant also argue that the plea agreement should be accepted because the defendant has provided substantial assistance to the government in exchange for the reduced charges.  Such an arrangement, however, is contrary to proper application of the Guidelines.  Under

the Guidelines, if a defendant wishes to obtain a benefit for cooperating with the government, he must first plead guilty to the actual offense conduct charged in the indictment. The government must then make a motion for a downward departure pursuant to U.S.S.G. § 5K1.1, based on the substantial assistance provided by the defendant. It is then up to the sentencing court to either grant or deny that motion.

The type of plea arrangement the government and the defendant advocate here, *i.e.*, substantial assistance in exchange for reduced charges rather than a § 5K1.1 motion, was discussed in an officially published 1994 study by the United States Sentencing Commission. See Ilene H. Nagel and Steven J Schulhofer, Plea Negotiations Under the Federal Sentencing Guidelines: An Empirical Examination of the Post-<u>Mistretta</u> Experience (Dec. 1994) (hereinafter "Plea Negotiations Study"). The Plea Negotiations Study stated, "our research uncovered *unequivocal evidence that bargaining and charging practices undercut the sentencing guidelines*. There is simply no way to deny the existence of this problem in every jurisdiction we studied." Plea Negotiations Study at 17-18 (emphasis in original). "[T]he most important vehicle for guidelines evasion . . . is charge bargaining which leads to the dismissal of readily provable counts." <u>Id</u>. at 23. The Plea Negotiations Study noted that prosecutors seeking cooperation from defendants sometimes use charge bargaining rather than § 5K1.1 reductions because § 5K1.1 "offers inadequate certainty [of a reduced

sentence]." Id. at 30.  Such an arrangement, however, takes the discretion "out of the hands of the judge, where the guidelines intended to place it, and left more under the control of the prosecutor, where nether the Congress nor the Commission intended the discretion to be." Id. at 30-31.

It is obvious to the Court that the plea agreement in this case is an attempt by the parties to evade the Guidelines.  The government and the defendant are attempting to take away the Court's discretion regarding a § 5K1.1 motion by allowing the defendant to plead to a reduced charge.  Such an arrangement undermines consistent application of the Guidelines and must be rejected.

Finally, the defendant argues that the Court accepted the plea agreement at the time of the plea and therefore is precluded from now rejecting it.  The Court finds this argument without merit.  The Court's usual practice is to defer acceptance of the plea agreement until it has reviewed the presentence report.  The Court has reviewed the transcript of the plea proceedings in this case and finds no indication that it deviated from its ususal practice.  In any event, defendant has failed to cite any authority for the proposition that the Court is precluded from reconsidering its acceptance of the plea agreement even if it had previously accepted it.

**CONCLUSION**

For the reasons stated, the Court rejects the plea agreement in this case, pursuant to Rule 11(c)(3)(A) of the Federal Rules of Criminal Procedure and U.S.S.G. § 6B1.2(a).

    IT IS SO ORDERED.

                      /s/ *Richard J. Arcara*
                      HONORABLE RICHARD J. ARCARA
                      CHIEF JUDGE
                      UNITED STATES DISTRICT COURT

DATED: June 19, 2006